# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40245

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2020

Lyle W. Cayce
Clerk

HERBERT FEIST,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:18-CV-15

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:*

Herbert Feist, former Texas prisoner 318012, was convicted of aggravated robbery in 1981 and sentenced to serve 40 years in prison. Now, he moves this court for appointed counsel and for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition for want of exhaustion. He presents arguments concerning his conviction, time calculation, parole, and recusal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40245

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A movant satisfies this standard by showing that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because Feist has not met this standard, his COA motion and his motion for appointed counsel are DENIED.

Finally, Feist contends that the district court erred by denying his § 2254 petition without conducting an evidentiary hearing. He is not required to obtain a COA to appeal the denial of an evidentiary hearing; therefore, to the extent he seeks a COA on this issue we construe his COA request "as a direct appeal from the denial of an evidentiary hearing." *Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). Because Feist's substantive claims fail, we need not address the merits of his evidentiary hearing claim. *See id.* The district court's denial of an evidentiary hearing is AFFIRMED.